# EXHIBIT 1

# SUMMONS

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

FILED
9/8/2025 10:57 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L011139
Calendar, Z
34339152

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Michael Mogan
*Who started the case.*          *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** American Arbitration Association Inc.
*Who the case was filed against.*

*First, Middle, and Last Name, or Business Name*

2025 L 011139
**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with **the court** within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 50 W. Washington St., Chicago, IL 60602
*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*          *Time*                    *Courtroom Number*

Case Number 2025 L 011139

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____
   <span style="padding-left:2em">*Courtroom Address*</span>        <span style="padding-left:4em">*Courtroom Number*</span>

☐ **Remotely** (video or telephone)

    **By video conference** at: _____
   <span style="padding-left:6em">*Video Conference Website*</span>

      Log-in information: _____
   <span style="padding-left:6em">*Video Conference Log-in Information, Meeting ID, Password, etc.*</span>

    **By telephone** at: _____
   <span style="padding-left:6em">*Call-in Number for Telephone Remote Appearance*</span>

  To find out more about remote court options:

    Phone: _____ or Website: _____
   <span style="padding-left:2em">*Circuit Clerk's Phone Number*</span>        <span style="padding-left:4em">*Website URL*</span>

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ 50,000.00 .
   <span style="padding-left:20em">*(Enter 0 if you are not asking for money)*</span>

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

    ☐ Yes  ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

    ☑ I am having 1 Defendant/Respondent served and their information is on this form below.

    ☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: _____.
   <span style="padding-left:14em">*Number*</span>

b. First Defendant/Respondent's **primary address/information** for service:

Name: American Arbitration Association Inc.
<span style="padding-left:1em">*First, Middle, and Last Name, or Business Name*</span>

  Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

Illinois Corporation Service Company Inc.
<span style="padding-left:1em">*First, Middle, and Last Name*</span>

Street Address: 801 Adlai Stevenson Drive
<span style="padding-left:3em">*Street, Apt #*</span>

City, State, ZIP: Springfield      IL    62703-4261
<span style="padding-left:4em">*City*</span>     <span style="padding-left:8em">*State*</span>   <span style="padding-left:2em">*Zip*</span>

Telephone: _____ Email: _____

*Case Number* 2025 L 011139

c. **Second address** for this Defendant/Respondent:
☑ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
  *Street, Apt #*

City, State, ZIP: _____
  *City*                          *State*          *Zip*

Telephone: _____ Email: _____

d. Person who will serve your documents on this Defendant/Respondent:
☐ Sheriff in Illinois ☐ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: _____
  *County & State*

---

## PLAINTIFF/PETITIONER INFORMATION:

*Enter your information below.*

Name Michael Mogan
  *First, Middle and Last Name*

Registered Agent's name, if any _____
  *First, Middle and Last Name*

Street Address 4803 N. Milwaukee Ave. Suite B Unit 244
  *Street, Apt #*

City, State, ZIP: Chicago                    iL          60630
  *City*                          *State*          *Zip*

Telephone: (773) 799-8477          Email: MM@MICHAELMOGAN.COM

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

**STOP** The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____

Clerk of the Court: 9/8/2025 10:57 AM Mariyana T. Spyropoulos

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

○ If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.

○ If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.

  ▪ If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.

○ Fill in the date above and give this copy of the *Summons* to the person served.

○ You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.



*Case Number* 2025 L 011139

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.



Learn more about each step in the process and how to file in the instructions:
ilcourts.info/how-to-summons.



## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**
- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons):**
- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efile. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of this *Summons* is checked (date certain summons):**
- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**
- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

*Case Number* 2025 L 011139

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook ▼
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Michael Mogan
*Who started the case.*     *First, Middle, and Last Name, or Business Name*

2025 L 011139
**Case Number**

**DEFENDANTS/RESPONDENTS:** American Arbitration
*Who the case was filed against.*   Association Inc.

*First, Middle, and Last Name, or Business Name*

🛑 **STOP** Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:
    *Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION
Defendant/Respondent: _____
    *First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

**- or -**

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: _____ Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
Name of person served: _____
    *First, Middle, Last Name*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: _____ Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____
and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above

address on this date: _____.

*Case Number* 2025 L 011139

☐ On the **Business's agent:** _____
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____ Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____
Other information about service attempt:

_____
_____
_____

**Second Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____
Other information about service attempt:

_____
_____
_____

**Third Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____
Other information about service attempt:

_____
_____
_____

---

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and
2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature */s/* _____  Print Your Name _____

You are: ☐ Sheriff in Illinois               ☐ Special process server
         ☐ Sheriff outside Illinois: _____  ☐ Licensed private detective, license number: _____
                                    *County and State*                                                    *License number*

**FEES:**
Service and Return: $_____ Miles: $_____ Total: $0.00 _____

---

FILED
9/4/2025 10:20 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L011139
Calendar, Z
34311845

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

MICHAEL MOGAN )
        Plaintiff, ) Case No.
)
v. )
)
AMERICAN ARBITRATION )
ASSOCIATION INC. )
)
        Defendant. )

### COMPLAINT

Michael Mogan ("Plaintiff") files this Complaint for damages and injunctive relief against the American Arbitration Association Inc. ("Defendant") and alleges as follows:

### PARTIES

1.    Plaintiff Michael Mogan is a United States citizen and attorney who resides and maintains his domicile in Chicago, Illinois in Cook County and he intends to remain in Chicago, Illinois indefinitely.

2.    Defendant American Arbitration Association is a not-for-profit, 501(c)(3) organization that provides alternative dispute resolution administration services to entities that contract for its services, including services for arbitrations provided for by commercial agreements between corporations. Defendant is organized under the laws of the State of New York with its principal place of business is 120 Broadway, Floor 21, New York, NY 10271. Defendant's offices and website adr.org and other facilities affect commerce and are places of public accommodation. 42 U.S.C. §12181(7)(F); 28 C.F.R. §36.104.

## JURISDICTION AND VENUE

3.     Venue is proper pursuant to 735 ILCS 5/2-101 as Defendant maintained an office in Cook County in Chicago, Illinois at all times relevant to this action and remains located in Chicago, Illinois.  Furthermore, most, if not all, of the business relations and disputes at issue and most of the events occurred in Chicago, Illinois.

4.     The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C. §§2201 and 2202 and may grant equitable relief and monetary damages pursuant to 42 U.S.C. §12188(b)(2).

5.     An actual case or controversy has arisen between the parties.

6.     Plaintiff has been injured by Defendants' conduct and has suffered damages resulting therefrom.

## FACTS

7.     Plaintiff has an episodic neurological disability which is a disability recognized by the American with Disabilities Act of 1990, as amended. Plaintiff is an individual with a disability as recognized under the ADA. 42 U.S.C. §12102. Plaintiff's disability substantially limits some of his major life activities, including sleeping, communicating, concentrating and interacting with others. Plaintiff is an individual with a disability within the meaning of Title III of the ADA 42 U.S.C. §12102(1); 28 C.F.R. § 36.104. Plaintiff meets the ADA's definition of disability. 42 U.S.C. §12102; 28 C.F.R. § 36.105 (specifically recognizing neurological conditions and mental or psychological disorders as "physical or mental impairments" that, if they substantially limit one or more major life activities of an individual, qualify the individual as "disabled" under the ADA).

8.    Plaintiff also has mixed insomnia, and has trouble falling and/or staying asleep. Plaintiff's disability substantially limits some of his major life activities, including sleeping, communicating, concentrating and interacting with others. Plaintiff is an individual with a disability within the meaning of Title III of the ADA 42 U.S.C. § 12102(1); 28 C.F.R. § 36.104.

9.    Qualified individuals with disabilities such as Plaintiff who have neurological disabilities and sleep disorders have valuable contributions to make to the legal profession and to their communities. Such diagnosis should not hinder or prevent Plaintiff from doing so.

10.    Qualifying individuals with disabilities are protected from disability discrimination by the ADA. In enacting the ADA, Congress found that "[i]ndividuals with disabilities continually encounter various forms of discrimination, including…outright intentional exclusion, the discriminatory effects of…..communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. § 12101(a)(5).

11.    Defendant is among the largest alternative dispute resolution providers in the United States. A substantial portion of the Defendant's services are provided through its website https://www.adr.org

12.    Defendant provides a variety of goods, services, privileges, advantages, and accommodations via their website https://www.adr.org, including:

a.    An online case filing service;

b.    An online service where attorneys and parties can login and view active and inactive cases and correspondence.

3

c.     A service in which Defendant conducts in-person, virtual, or hybrid arbitrations proceedings;

d.     Office location information;

13.     Defendant offers these services, privileges, advantages, and accommodations via https://www.adr.org primarily through a visual interface. Once a user logs into their online account with a user name and password, a user can view active and inactive cases but such online account does not allow filing of pleadings and motions by parties or their counsel of record in arbitration proceedings nor does Defendant maintain an electronic noticing system.

### First Arbitration Proceeding

14.     Plaintiff filed an arbitration claim on behalf of his client against three employees of Airbnb and Plaintiff later successfully defeated Respondents summary judgment motion. The final virtual evidentiary hearing was scheduled and then delayed after attorneys at Sacks Ricketts and Case LLP attempted to call Plaintiff as a witness at the last minute based on false statements and this misconduct by opposing counsel delayed the final hearing. Plaintiff requested the Defendant to reschedule the final hearing date and waited for it to be scheduled and it never was.

15.     Despite the fact Plaintiff had always been served by e-mail of orders issued by the arbitrator, Defendant and the arbitrator intentionally sent an order addressed to Plaintiff's client (and not Plaintiff) through the mail to the wrong address stating that if Plaintiff's client did not respond to such correspondence within a certain date the arbitration proceedings would be closed.

16.     Plaintiff was not served notice of such order via email or electronically nor was the order posted on Defendant's website under Plaintiff's active cases. Thus Plaintiff was unable

to utilize Defendant's services because their business lacked an accessible website where all orders are timely posted electronically to their website and served electronically.

17.     Since Defendant intentionally sent the correspondence to the wrong address, Plaintiff was not able to respond within the time stated in such correspondence and the arbitration proceeding was dismissed without prejudice despite the enormous amount of time and resources expended by Plaintiff during such proceedings on behalf of his client. Plaintiff had depended on communicating with Defendant electronically in the past which did not occur and Plaintiff will depend upon communicating with Defendant electronically in the future as well.

18.     The order was also saved on Defendant's computer server but it was not posted to Plaintiff's account on Defendant's website under Plaintiff's active cases nor was such order electronically served upon Plaintiff thus Defendant created a communication barrier.

19.     The incidents that occurred because of Defendant's communication barriers resulted in unequal access to arbitration services for Plaintiff.

20.     Plaintiff interacts with computers and the Web through various technologies. Such technologies have been available and widely used for decades. In order for the technologies to function properly for the users, a website must be designed to be accessible.

21.     Defendant failed to ensure that https://www.adr.org permits accurate and effective communication of the website's information using, among other deficiencies including:

a. All orders issued by the arbitrator for active arbitration cases are not timely posted to Defendant's website under a user's active cases.

b. Defendant does not have an electronic noticing and filing system where all correspondence issued by Defendant's arbitrators to counsel for the parties are electronically

served upon counsel for the parties involved in an arbitration proceeding when the orders are issued by arbitrators.

c. Defendant does not have an electronic noticing and filing system where all pleadings and filings by the parties and their counsel are electronically served upon all parties and their counsel when they are filed.

22.     Notwithstanding the existence of such readily available guidance, Defendant failed to ensure that https://www.adr.org and its subdomains are accessible to Plaintiff as an individual with a disability.

23.     Defendant operates at multiple locations in the country that provides similar, if not identical, services to those provided through their website.

24.     Defendant advertises and provide a range of benefits via https://www.adr.org including flexibility, convenience, support, security, independence, and cost-savings, all of which significantly enhance the opportunities to participate in arbitration services. Plaintiff spent a considerable amount of time and effort attempting to avail himself of these benefits in prosecuting his client's arbitration claim. However, because of the inaccessibility of https://www.adr.org Plaintiff was denied these benefits; was frustrated; and was required to use alternate means to communicate with Defendant, including means that deprived him of the ability to independently and privately communicate with Defendant.

25.     Defendant discriminated against Plaintiff as a disabled individual in the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in violation of Title III of the ADA and its implementing regulation.

26.     Defendant failed to ensure the accessibility of https://www.adr.org and its subdomains and, as a result Plaintiff could not access the information, enjoy the services, or take advantage of the benefits offered through Defendant's websites.

27.     Such discrimination persists notwithstanding the existence of readily available, well-established alternatives.

### Second Arbitration Proceeding

28.     Plaintiff then refiled the arbitration claim on behalf of his client against several Airbnb employees who were now represented by Damali Taylor and O'Melveny Myers LLP.

29.     During the initial arbitration hearing which was conducted over the telephone Plaintiff requested that the arbitrator conduct a live hybrid evidentiary hearing for any type of dispositive motion filed by any of the parties and any evidentiary hearings so Plaintiff could effectively represent his client in such proceedings.

30.     During this initial arbitration hearing, Damali Taylor threatened to get Plaintiff disbarred and the arbitrator said nothing about such misconduct when this happened allowing Damali Taylor to continue to harass Plaintiff with multiple personal attacks irrelevant to the arbitration proceedings. Plaintiff then requested that the arbitrator allow him to voice his complaints to the arbitrator on the record about Damali Taylor's egregious misconduct and the arbitrator refused to let Plaintiff address Damali Taylor's misconduct nor did the arbitrator address Damali Taylor's misconduct before the phone call ended thus perpetuating a harmful cycle.

31.     Plaintiff also requested an evidentiary hearing be held during the arbitration proceedings within a dispositive motion he filed. When Plaintiff submitted such dispositive motion he was required to separate the exhibits over twenty five emails so he could include all

the exhibits since Defendant's email server would only accept emails with attachments of a limited 16 mb size and Defendant does not maintain an online filing system to permit larger filings. Plaintiff spent a significant amount of time emailing such exhibits due to Defendant's limited network capabilities of 16 MB file sizes for attachments and due to Defendant's lack of an online filing system.

32.     Despite the fact Plaintiff had requested an evidentiary hearing to introduce any evidence, the arbitrator ordered Claimant to prepare a narrative summary, not to exceed fifteen double spaced typed pages, along with a separate list of exhibits, that explain within fourteen days how the exhibits relate to and support Plaintiff's client's claims. The arbitrator still had not granted Plaintiff's request for a live evidentiary hearing which would have enabled Plaintiff to address each of the exhibits instead of having to prepare a supplemental brief.

33.     Plaintiff filed a supplemental brief with such narrative summary which also took a significant amount of time and again requested a live evidentiary hearing be held before the arbitrator ruled on the Airbnb employees dispositive motion.

34.     Plaintiff submitted a written disability harassment complaint to Defendant because of Damali Taylor's misconduct at the initial hearing and the arbitrator's lack of any response to such misconduct during these arbitration proceedings. Plaintiff also requested Defendant investigate this matter and take appropriate action including steps to ensure such harassing conduct cease immediately. In such correspondence, Plaintiff also made a request for reasonable accommodation under the ADA so that a hearing be held before any final decision was made by the arbitrator. Plaintiff stated that he had made prior statements that he experienced panic attacks, sleeplessness, anxiety, intermittent seizures, and tinnitus symptoms. Plaintiff further stated if Defendant were unable to address Plaintiff's concerns and provide him with any

8

of the accommodations outlined in the letter, Plaintiff requested that Defendant engage in an interactive process with Plaintiff to determine whether there were alternative effective accommodations available. Plaintiff further stated that if Defendant had any questions, they could contact Plaintiff via email or telephone. Defendant failed to respond to Plaintiff's requests for reasonable accommodations and Defendant did not engage in any interactive process with Plaintiff discussing such requests either.

35. Plaintiff had also submitted the written disability harassment complaint to Defendant and requested it be forwarded directly to the arbitrator because of Damali Taylor's misconduct at the initial hearing and the arbitrator's lack of any response to such misconduct during these arbitration proceedings. Plaintiff requested Defendant investigate this matter and take appropriate action including steps to ensure such harassing conduct cease immediately. Plaintiff also made a request for reasonable accommodation under the ADA in the same correspondence so that a hearing be held before any final decision is made by the arbitrator. In such correspondence Plaintiff also stated that he had made prior statements that he experienced panic attacks, sleeplessness, anxiety, intermittent seizures, and Tinnitus symptoms. Plaintiff further stated if Defendant was unable to address Plaintiff's concerns and provide Plaintiff with any of the accommodations outlined in this letter, he requested that Defendant engage in the interactive process to determine whether there were alternative effective accommodations. Plaintiff further stated that if Defendant had any questions, Defendant could contact Plaintiff via email or telephone. Defendant failed to respond to Plaintiff's requests for reasonable accommodations and Defendant did not engage in any interactive process discussing such requests with Plaintiff either.

36.     Plaintiff then made another written request that Defendant respond to Plaintiff's requests for reasonable accommodations. Plaintiff also complained to the case manager because his disability harassment complaint had not been responded to. Plaintiff stated Defendant made no effort to discuss his requests for reasonable accommodations and Plaintiff requested they please do so and he again mentioned he was available to discuss his requests for reasonable accommodations.

37.     Plaintiff then received an email from the arbitrator where she disclosed she had been appointed concurrently to a second arbitration case involving Airbnb Inc. Accordingly, Plaintiff responded and made another written request for a reasonable accommodation under the ADA to Defendant requesting a live hearing to address the merits of the arbitration claim he filed on behalf of his client. Defendant also failed to respond to Plaintiff's requests for reasonable accommodations and Defendant did not engage in any interactive process discussing such requests with Plaintiff either.

38.     Plaintiff made a request for reasonable accommodation request under the ADA to Defendant requesting an opportunity to explain the multiple conflicts of interest that Defendant had now created in appointing the arbitrator to another case where Airbnb Inc was a party after the arbitrator initially stated she had not participated in any proceedings with Airbnb Inc. in the past. Plaintiff stated he would address such conflicts in writing and then requested Defendant conduct a teleconference to discuss such issues. Plaintiff also stated that Defendant and the arbitrator were not treating Plaintiff's requests for reasonable accommodations seriously and he requested Defendant meet and confer with Plaintiff if they could not grant any of them, so Plaintiff and Defendant could attempt to resolve the requests via an interactive process. Defendant did not respond to Plaintiff's request for a teleconference as a reasonable

accommodation and Defendant did not engage in any interactive process with Plaintiff discussing such requests either.

39.     Plaintiff stated to Defendant he had never been involved in an AAA arbitration proceeding whether a summary adjudication proceeding, demurrer or final arbitration proceeding where he had not been afforded a hearing whether or not discovery was permitted. Thus, Plaintiff again requested a reasonable accommodation under the ADA so a live hearing would be held before any final arbitration award was issued by the arbitrator. Defendant did not respond to Plaintiff's request for a live hearing as a reasonable accommodation and Defendant did not engage in any interactive process with Plaintiff discussing such requests either.

40.     Plaintiff then received a disturbing letter from Damali Taylor of O'Melveny Myers LLP which she had submitted to Defendant thus Plaintiff sent Defendant a response. In such response Plaintiff again requested that Defendant resolve his pending requests for reasonable accommodations. Plaintiff also complained about Damali Taylor's additional misconduct in her correspondence where she stated Plaintiff cited no law or documentation to support the contentions in his letter—including his belief that he has suffered a violation of the Americans with Disabilities Act or the propriety of his requested accommodation under the ADA. Damali Taylor also made false statements that Plaintiff has never before claimed to have a disability.

41.     Defendant did not respond to Plaintiff's complaints about Damali Taylor's additional misconduct and misrepresentations in her correspondence thus further perpetuating a harmful cycle.

42.     Plaintiff complained to Defendant about the continued harassing conduct he experienced during arbitration proceedings thus far.

43.     Plaintiff requested Defendant hold a telephonic conference call to discuss his initial request for reasonable accommodations he sent to Defendant and the subsequent request for reasonable accommodations Plaintiff asked Defendant to forward directly to the arbitrator and Plaintiff also requested Defendant discuss Plaintiff's complaints with him which he made to Defendant about Damali Taylor's continued misconduct during the arbitration proceedings.

44.     The arbitrator also made negative statements to Plaintiff that the arbitrator was not, and she was not, aware that Plaintiff suffered any disability during the initial hearing. The arbitrator also made negative and false statements to Plaintiff that no egregious conduct or harassment occurred during the initial hearing. The arbitrator also made negative and additional false statements to Plaintiff that she was not aware of harassment of any participant in the arbitration proceeding.

45.     On December 21, 2022, after the arbitrator issued an award and had failed to conduct a live evidentiary hearing before the award was issued, Plaintiff filed a motion for clarification and/or modification and after O'Melveny Myers LLP filed a response, Plaintiff made another request for reasonable accommodation under the ADA to Defendant where Plaintiff requested supplemental briefing and a telephonic hearing to respond to multiple misrepresentations in O'Melveny Myers LLP's response to Plaintiff's motion. When Plaintiff filed a motion for clarification, he did not introduce any additional evidence however Respondents did thus Plaintiff requested a hearing and leave to file a supplemental briefing to introduce additional evidence and Plaintiff's request for reasonable accommodation would allow him to address this. Defendant did not respond to these requests by Plaintiff for reasonable accommodations under the ADA and Defendant did not engage in any interactive process with Plaintiff discussing such requests either.

12

46.     Plaintiff intends to file additional arbitration claims as an attorney with Defendant on behalf of clients through Defendant's website in the future.

**Section 504 and the American Arbitration Association's Receipt of Federal Funds**

47.     Section 504 of the Rehabilitation Act prohibits a "qualified individual with a disability," solely by reason of her or his disability, from being "denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

48.     On information and belief, Defendant is a recipient of federal funds which came from services performed by Defendant for the United States Congress, the U.S. Department of Commerce, the U.S. Department of Justice, the U.S. Anti-Doping Agency, the U.S. Environmental Protection Agency, the U.S. Federal Trade Commission, the U.S. Internal Revenue Service, the Centers for Medicare & Medicaid Services and the Federal Communications Commission.

49.     As a result of Defendant's failure to provide an interactive process to Plaintiff, who is disabled with communication and other disabilities and had sought reasonable accommodations, he was denied benefits and services Defendant provided to non-disabled individuals and Plaintiff faced risks and burdens and did and will face risks and burdens not experienced by non-disabled individuals. These added delays and expenses in Defendant not addressing Plaintiff's requests for reasonable accommodations are not experienced by non-disabled individuals. Defendant's conduct led to anxiety, frustration, and embarrassment, and decreased independence by Plaintiff, when attempting to navigate Defendant's services.

50.     42 U.S.C. 12203 (a) provides that no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or

because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act. 42 USC 12203 (b) provides that it shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act. 42 USC 12203(c) provides that the remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to title I, title II and title III, respectively. Damali Taylor interfered with Plaintiff's request for reasonable accommodation in making written objections and Defendant condoned such conduct in not responding to such interference. The arbitrator made improper statements to Plaintiff that the arbitrator was not, and am not, aware that Plaintiff suffered any disability during the initial hearing. The arbitrator also made false statements to Plaintiff that no egregious conduct or harassment occurred during the initial hearing. The arbitrator made additional false statements to Plaintiff that she was not aware of harassment of any participant in this proceeding. Thus any remedies available under Title III are available to Plaintiff for such interference by the arbitrator. Thus the arbitrator interfered with Plaintiff's requests for reasonable accommodations and Defendant condoned such conduct in not responding to such interference either.

## CLAIM I
### Violations of Title III of the Americans with Disabilities Act
### 42 U.S.C. §§ 12181-89

51.     The allegations contained in the preceding paragraphs 1-50 are incorporated by reference.

14

52. Defendant has discriminated against Plaintiff on the basis of disability by failing to provide full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182-89 and its implementing regulation at 28 C.F.R. pt. 36, including by:

a. denying Plaintiff as an individual with a disability the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations it provides. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. providing Plaintiff as an individual with a disability an unequal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations Defendant provides. 42 U.S.C. §12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b);

c. failing to make reasonable modifications in its policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff as an individual with a disability in violation of 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a).

53. Defendant's violations of the ADA amount to a pattern and practice of discrimination against Plaintiff.

54. Title III of the ADA and its implementing regulation prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

55. Defendant is a private entity whose operations affect commerce; they own and/or operate service establishments, including https://www.adr.org and its office locations, that

15

provide arbitration services to members of the public. 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. §§36.104, 36.201(a).

56.     Defendant provides arbitration services that permit customers to begin using Defendants' services online through https://www.adr.org such as online filing of arbitration claims and review of case documents.

57.     Defendant has discriminated and continues to discriminate against Plaintiff on the basis of his disability in the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations, including denying Plaintiff the ability to independently file motions and pleadings online and obtain current information in the form of all correspondence and orders for active cases from Defendant's website pursuant to 42 U.S.C. §12182(a) and 28 C.F.R. §36.201(a).

58.     Defendant violated and continues to violate Title III and its implementing regulation by:

a.     Denying Plaintiff as an individual with a disability the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations provided through www.adr.org and its subdomains, 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. §36.202(a);

b.     Providing Plaintiff as an individual with a disability an unequal opportunity to participate in or benefit from the goods services, privileges, advantages, and accommodations provided through www.adr.org and its subdomains, 42 U.S.C. §12182(b)(1)(A)(ii); 28 C.F.R. §36.202(b);

c.     Failing to take the necessary steps to ensure that Plaintiff as an individual with a disability is not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, 42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

      d.      Utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of others who are subject to common administrative control, 42 U.S.C. §12182(D); 28 C.F.R. §36.204.

      59.      Plaintiff is a victim of the Defendant's discriminatory conduct and actions and Plaintiff is an aggrieved person.

      60.      As a result of Defendant's actions and/or omissions, Plaintiff is an individual with a disability and has experienced frustration, additional burden, and marginalization; and was unable to independently proceed with the first arbitration case before it was dismissed.

      61.      By the conduct set forth in the preceding paragraphs, Defendant has engaged in a pattern or practice of discrimination against Plaintiff and discriminated against Plaintiff;

      62.      Through the acts and omissions described above, Defendant has and is violating the ADA, 42 U.S.C. §12132, and its implementing regulations, 28 C.F.R. Pt. 35, including by:

      a. Failing to make reasonable modifications to policies, practices, and procedures to avoid discrimination by Defendant against Plaintiff;

      b. Utilizing methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of Defendant's programs with respect to Plaintiff, including using inadequate investigative services to review discrimination and disability harassment complaints involving unlawful conduct;

      c. Denying Plaintiff the opportunity to participate in and benefit from services of Defendant that are equal and afforded to other members of the public.

      d. Failing to take appropriate steps to ensure that communications with persons with disabilities such as Plaintiff are as effective as communications with others.

63. Defendant has demonstrated a deliberate indifference that harms Plaintiff's federally protected rights under the ADA which deliberate indifference was substantially likely, and Defendant failed to act upon that likelihood.

64. Defendant failed to provide services in the most integrated setting appropriate to meet the needs of Plaintiff as a qualified individual with a disability in violation of federal law.

65. The needs of qualified individuals with disabilities such as Plaintiff can be reasonably accommodated by Defendant in a number of ways such as:

a. communicating electronically with Plaintiff throughout any proceedings and not sending correspondence though the mail;

b. timely posting all orders and correspondence issued by the arbitrator during arbitrations proceeding to the portion of Defendant's website for Plaintiff's active cases;

c. engaging in an interactive process with Plaintiff when he makes requests for reasonable accommodations;

66. Defendant did not communicate with Plaintiff about his disability harassment complaints about Damali Taylor thus Defendant condoned such behavior and Defendant made no effort to prevent and stop any additional disability harassment during such proceedings which occurred. The arbitrator also made negative remarks about Plaintiff's disability which constitutes disability harassment and Defendant took part in sending such negative remarks to Plaintiff.

67. Defendant had the option to administer arbitration services so as not to create a bias towards Plaintiff. Instead, Defendant chose to administer arbitration services in such a way as to discriminate against Plaintiff who is a qualified individual with a disability.

68. The acts and omissions Defendant has caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law.

69.     The actions and conduct of Defendant is the direct and proximate cause of injuries to Plaintiff. These injuries include, but is not limited to emotional distress, anxiety, frustration, and embarrassment and Plaintiff experienced frustration, additional burden, and marginalization.

70.     Defendant is an entity subject to Title III of the ADA.

71.     Defendant is obligated under the ADA to administer its programs in a manner that enables qualified individuals with disabilities such as Plaintiff to live in the most integrated setting appropriate to his needs. Defendant's denial and reduction of adequate and necessary services, and failure to provide Plaintiff as a qualified individual with a disability, has denied him the services he needs to utilize Defendant's services.

72.     Defendant discriminated against Plaintiff as a qualified individual with disability in a way that includes arbitrarily investigating his disability harassment complaints, thus denying Plaintiff the services from Defendant that would otherwise be available for non-disabled individuals.

73.     Defendant has discriminated against Plaintiff who is a qualified individual with a disability by failing to provide reasonable modifications to programs and services in ways that include: failing to enable Plaintiff to receive adequate and necessary services offered non-disabled individuals; and failing to create and implement an exception process at a level adequate to meet Plaintiff's needs; and failing to conduct live hearings requested by Plaintiff and other further demands upon Plaintiff by Defendant.

74.     By denying Plaintiff adequate and necessary arbitration services commensurate with Plaintiff's actual needs, as opposed to arbitrary service limitations, Defendant imposed eligibility requirements which unlawfully screen Plaintiff out from fully and equally

19

participating in arbitration services, and from receiving adequate protections offered non-disabled individuals.

75.    Defendant utilized criteria and methods of administration that subjected Plaintiff as a disabled individual to discrimination on the basis of his disability, including risk of unnecessary harm.

76.    Unless the requested relief is granted, Plaintiff will suffer irreparable harm and harmful consequences in that he will be discriminated against and continually denied equal access to the services from Defendant.

77.    The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 1 2 1 88(a)(1 )

78.    Defendant's actions are in violation of Title III of the ADA. Pursuant to 42 U.S.C. § 12133 (1990), Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs incurred in bringing this action.

79. Defendant denied Plaintiff as a qualified person who is disabled with equal access to its services during, before and after arbitration proceedings are commenced.

80. As a result, Defendant is in violation of Title II of the ADA, 42 U.S.C. §§ 12131-34, and its implementing regulation, 28 C.F.R. Part 35.

PRAYER FOR RELIEF WHEREFORE, the Plaintiff prays that the Court:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. pt. 36, by denying Plaintiff as an individual with a disability an equal opportunity to access and benefit from its goods, services, facilities, privileges, advantages, and accommodations;

B. Enjoin Defendant, its officers, agents, employees, and all others in concert or participation with it, from:

i. engaging in discrimination against Plaintiff as an individual with a disability, and specifically from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-89 and its implementing regulation, 28 C.F.R. pt. 36; and

ii. Designing, programming, modifying, or altering www.aaa.org or online services in a manner that is inaccessible to individuals with disabilities within the meaning of title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36.

iii. Failing to offer reasonable modifications to their programs and policies to enable Plaintiff to fully and equally enjoy Defendant's services;

iv. Imposing eligibility requirements which unlawfully prevent Plaintiff as a disabled individual from fully and equally enjoying Defendant's services;

v. Utilizing criteria and methods of administration that subjects Plaintiff to discrimination;

C. Order Defendant to:

i. Comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36;

ii. Provide appropriate auxiliary services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of www.adr.org and online services to Plaintiff as an individual with a disability, 42 U.S.C. §12188(b)(2)(A)(i)-(ii); 28 C.F.R. § 36.504(a)(1)(i)-(ii);

iii. Take such affirmative steps as may be necessary to restore, as nearly as practicable, Plaintiff as an identifiable victim of Defendant's discriminatory conduct to the position that he would have been in but for the Defendant's conduct; and

iv. Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct.

v. Enable Plaintiff to receive reasonable accommodations commensurate with his needs;

vi. Amend Defendant's policies and procedures consistent with the injunction above, and to require Defendant to provide Plaintiff as a qualified disabled individual with his assessed needs,

vii.. Establish an electronic filing and noticing system to allow e-filing and ensure Plaintiff receives electronic notice of all pleadings and orders and other correspondence issued by the arbitrator filed by parties during arbitration proceedings;

viii. Permanently enjoin Defendant and parties from interfering with any requests for reasonable accommodations made by Plaintiff during arbitration proceedings or otherwise objecting to or interfering with any reasonable accommodation requests made by Plaintiff;

D. Enter an injunction requiring Defendant to provide Plaintiff as an individual who is disabled equal access to arbitration services;

E. Order Defendant to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff as an individuals with a disability. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

F.     Order Defendant to revise its policies, practices, and procedures to bring its services into compliance with Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. pt. 36;

G.     Order Defendant to provide training under the ADA and on its revised policies, practices, and procedures to all case managers and arbitrators who are responsible for determining when an individual submits a disability harassment complaint and requests for reasonable accommodations to Defendant.

H.     Declare that Defendant's imposition of arbitrary policies and procedures which deny Plaintiff as a qualified individual with a disability sufficient service to meet his undisputed medical needs, and Defendant's policies, practices, acts and omissions as set forth above violate the Americans with Disabilities Act and implementing regulations.

I.      Award Plaintiff compensatory damages, including damages for pain, suffering, and emotional distress, to Plaintiff as a person aggrieved by Defendant's actions, or failures to act, in violation of the ADA for injuries suffered as the result of Defendant's violations of Title III of the ADA, and its implementing regulation, 28 C.F.R. pt. 36;

J.      Order Defendant to take all other necessary steps to comply with the ADA; and

K.     Assume jurisdiction over this action and maintain continuing jurisdiction until Defendant is in full compliance with every order of this Court;

L.     Award Plaintiff the costs of this action and reasonable attorneys' fees pursuant to 20 U.S.C. §794a(b) (2014); 42 U.S.C. § 12132, 42 U.S.C. §12133 (1990), 42 U.S.C. §12205 (1990); and as otherwise may be allowed by law.

M.     Award such other appropriate relief as is just and equitable, including Plaintiff's costs and disbursements in this action.

23

<u>Claim II</u>
**Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794**

81.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1 though 80 as though fully set forth herein.

82.     On information and belief, Defendant is a recipient of federal funds which came from services performed by Defendant for the U.S. Congress, the U.S. Department of Commerce, the U.S. Department of Justice, the U.S. Anti-Doping Agency, the U.S. Environmental Protection Agency, the U.S. Federal Trade Commission and the Internal Revenue Service.

83.     On information and belief, as a result, Defendant is in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation for recipients of federal funding from U.S. Congress, the U.S. Department of Commerce, the U.S. Department of Justice, the U.S. Anti-Doping Agency, the U.S. Environmental Protection Agency, the U.S. Federal Trade Commission and the Internal Revenue Service. 49 C.F.R. Part 27.

PRAYER FOR RELIEF WHEREFORE, the Plaintiff prays that the Court:

A.      Grant judgment in favor of the Plaintiff and declare that Defendant has violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its relevant implementing regulations, 49 C.F.R. Part 27, by denying Plaintiff who is an individual who is disabled an equal opportunity to access and benefit from its goods, services, facilities, privileges, advantages, and accommodations;

B.      Enjoin Defendant, its officers, agents, employees, and all others in concert or participation with it, from:

i. engaging in discrimination against Plaintiff as an individual with a disability, and specifically from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-89 and its implementing regulation, 28 C.F.R. pt. 36; and

ii. Designing, programming, modifying, or altering www.aaa.org or online services in a manner that is inaccessible to individuals with disabilities within the meaning of title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36.

iii. Failing to offer reasonable modifications to their programs and policies to enable Plaintiff to fully and equally enjoying Defendant's services;

iv. Imposing eligibility requirements which unlawfully prevent Plaintiff as a disabled individual from fully and equally enjoying Defendant's services;

v. Utilizing criteria and methods of administration that subjects Plaintiff to discrimination;

C. Order Defendant to:

i.      Comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and 28 C.F.R. pt. 36;

ii.      Provide appropriate auxiliary services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of www.adr.org and online services to Plaintiff as an individual with a disability, 42 U.S.C. §12188(b)(2)(A)(i)-(ii); 28 C.F.R. § 36.504(a)(1)(i)-(ii);

iii.      Take such affirmative steps as may be necessary to restore, as nearly as practicable, Plaintiff as an identifiable victim of Defendant's discriminatory conduct to the position that he would have been in but for the Defendant's conduct; and

iv.     Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct.

v.      Enable Plaintiff to receive reasonable accommodations commensurate with his needs;

vi.     Amend Defendant's policies and procedures consistent with the injunction above, and to require Defendant to provide Plaintiff as a qualified disabled individual with his assessed needs,

vii..   Establish access for Plaintiff to an electronic filing and noticing system to allow efiling and electronic notice of all pleadings and orders and other correspondence issued by the arbitrator and filed by all parties during arbitration proceedings;

viii.   Permanently enjoin Defendant and parties from interfering with any requests for reasonable accommodations made by Plaintiff during arbitration proceedings or otherwise objecting to or interfering with any reasonable accommodation requests made by Plaintiff;

D.      Enter an injunction requiring Defendant to provide Plaintiff as an individual who is disabled equal access to arbitration services;

E.      Order Defendant to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff as an individual with a disability. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a)

F.      Order Defendant to revise its policies, practices, and procedures to bring its services into compliance with Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation, 28 C.F.R. pt. 36;

G.    Order Defendant to provide training about the ADA and on its revised policies, practices, and procedures to all case managers and arbitrators who are responsible for determining when an individual submits a disability harassment complaint and request for reasonable accommodations made to Defendant.

H.    Declare that Defendant's imposition of arbitrary policies and procedures which deny Plaintiff as a qualified individual with a disability sufficient services to meet his undisputed medical needs, and Defendant's policies, practices, acts and omissions as set forth above violate the Americans with Disabilities Act and implementing regulations.

I.    Award Plaintiff compensatory damages, including damages for pain, suffering, and emotional distress, to Plaintiff as a person aggrieved by Defendant's actions, or failures to act, in violation of the ADA for injuries suffered as the result of Defendant's violations of Title III of the ADA, and its implementing regulation, 28 C.F.R. pt. 36;

J.    Order Defendant to take all other necessary steps to comply with the ADA; and

K.    Assume jurisdiction over this action and maintain continuing jurisdiction until Defendant is in full compliance with every order of this Court;

L.    Award Plaintiff the costs of this action and reasonable attorneys' fees pursuant to 20 U.S.C. §794a(b) (2014); 42 U.S.C. § 12132, 42 U.S.C. §12133 (1990), 42 U.S.C. §12205 (1990); and as otherwise may be allowed by law.

M.    Award such other appropriate relief as is just and equitable, including Plaintiff's costs and disbursements in this action.

## **JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury in this matter.

Date: September 4, 2025

Respectfully submitted,

By: */s/Michael Mogan* __

Michael Mogan
Plaintiff

Michael Mogan
Law Office of Michael Mogan
4803 N. Milwaukee Ave
Suite B, Unit #244
Chicago, IL 60630
P: (773) 799-8477
F. (872) 702-6445
mm@michaelmogan.com
Atty. No: 49630

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED
9/4/2025 10:20 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L011139
Calendar, Z
34311845

MICHAEL MOGAN

v.

AMERICAN ARBITRATION ASSOCIATION INC.

No. _____

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your case. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☒ No

**(FILE STAMP)**

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☒ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Michael Mogan _____
      (Attorney)                              (Pro Se)

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** American With Disabilities Act (42 U.S.C. § 12101) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794

Primary Email: MM@MICHAELMOGAN.COM

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☒ I have read and agree to the terms of the *Clerk's Oice Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: MM@MICHAELMOGAN.COM

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
Page 1 of 1