**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL MOGAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 25 C 12308 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| AMERICAN ARBITRATION | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**OPINION AND ORDER**

The Court dismissed Mogan's complaint without prejudice and permitted Mogan leave to amend on January 27, 2026. (Dkt. 26). The Court noted that "Mogan's lawsuit bears all the hallmarks of bad faith" because he "advances frivolous legal and factual claims, ignores binding precedent, and repeats conduct for which he has already been repeatedly sanctioned." (*Id.* at 14). The Court ruled that, "if Mogan can satisfy Rule 11 with an amended filing, he is granted leave to amend his complaint[.]" (*Id.* at 15). Instead of amending his complaint, Mogan filed a 645 page "Motion for Reconsideration" under Rule 60(b)—along with nearly 40 exhibits (and some sub-exhibits)—moving the Court to convert Defendant's granted motion to dismiss into a motion for summary judgment, to redact "non-routine commentary," and for an extension of time to file an amended complaint. (Dkt. 27). For the reasons below, the Court denies Mogan's motion in part. (*Id*)

**LEGAL STANDARD**

"'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024) (quoting *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)). A "manifest

1

error[] of law or fact . . . is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 642 (7th Cir. 2023) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

"'A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.'" *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 700 (7th Cir. 2024) (brackets omitted) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 956 (7th Cir. 2013)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (brackets omitted) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("the mere desire to expand the allegations of a dismissed complaint does not, by itself, normally merit lifting the judgment")); *Emerson v. Dart*, 109 F.4th 936, 943-44 (7th Cir. 2024).

## DISCUSSION

Mogan moves for reconsideration under Rule 60(b)(1), (3), (6) for the Court to convert Defendant's granted motion to dismiss into a motion for summary judgment. (Dkt. 27 at 1; 27-1 at 11, 36). As relevant here, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the

2

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (3), (6).

At the outset Mogan's motion is improper because there has been no final judgment. The Court expressly granted Mogan leave to amend his complaint. (Dkt. 26 at 16). "A Rule 60(b) motion to reconsider 'applies only to a final judgment, order, or proceeding.'" *Carnes v. HMO Louisiana, Inc.*, 114 F.4th 927, 929 (7th Cir. 2024) (quoting *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015)); *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022); *Bovinett v. HomeAdvisor, Inc.*, 2022 WL 1056086, at \*3 (7th Cir. Apr. 8, 2022) (Rule 60(b) does not apply "to obtaining review of a ruling that is separate from the judgment"). To the extent Mogan attempted to file a motion for reconsideration under Rule 54(b), the Court's outcome and analysis remains unchanged. *See supra* at 1-2; *Bedford v. DeWitt*, 695 F. Supp. 3d 998, 1001 (N.D. Ill. 2023) ("Motions to reconsider are governed by Federal Rule of Civil Procedure 54(b). . . . Nonetheless, motions to reconsider are governed by largely the same standards as motions under Rule 59(e) and should be granted only in rare circumstances, with the moving party bearing a heavy burden."); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) ("we have previously implied that the threshold of proof for the moving party is somewhat lower under Rule 59(e) than under Rule 60(b)."); *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1121 n. 3 (7th Cir.2001) ("Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b)").[1]

---

[1] To the extent the Court's dismissal without prejudice constitutes a "'final proceeding' under Rule 60(b)," the Court addresses Mogan's primary argument of converting the granted motion to dismiss into a motion for summary judgment. *See Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319 (2025) ("a Rule 41(a) voluntary dismissal without prejudice counts as a 'final proceeding' under Rule 60(b)").

Mogan's motion is largely unintelligible. (Dkt. 27-1 at 12-36). It is a stream of incoherent citations riddled with out-of-circuit cases lacking cogency that runs for 36 straight pages. Most of it appears to be Mogan taking issue with prior cases he has been involved in. Much else, the Court cannot discern. The Court will therefore not "address those arguments which it finds incomprehensible." *Pope v. United States*, 2012 WL 5389807, at *2 (N.D. Ill. Nov. 1, 2012) (citing *Smith v. Town of Eaton, Ind.*, 910 F.2d 1469, 1470-71 (7th Cir. 1990)); *United States v. Anzaldi*, 2013 WL 393326, at *5 (N.D. Ill. Jan. 31, 2013) ("the Court refuses to address nonsensical arguments") (citing *Morton v. Greer,* 61 F.3d 906, 906 (7th Cir. 1995) (stating that briefs which contain no identifiable argument will be dismissed)); *Schramm L. Grp., LLC, v. Pitney Bowes Inc.*, 2026 WL 636820, at *2 (N.D. Ill. Mar. 6, 2026) ("The Court needn't consider . . . 'underdeveloped, conclusory, and undeveloped' argument[s].") (cleaned up) (quoting *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012)); *United States v. Vance*, 2022 WL 1831138, at *1 (7th Cir. June 3, 2022) ("courts need not address arguments . . . that are 'too weak to require discussion'") (quoting *United States v. Joiner*, 988 F.3d 993, 995 (7th Cir. 2021)); *Smith,* 910 F.2d at 1470-71 (the Court "cannot be called upon to supply legal research and organization to flesh out a party's arguments").

Mogan contends that "[n]one of the cases cited by the Court . . . involve Title III ADA or Section 504 claims where no final evidentiary hearing was held by the arbitrators." (Dkt. 27-1 at 23-24). Mogan misunderstands the import of these decisions and again asserts the same unfounded position that there was no final evidentiary hearing. (*Id.*); (*see also id.* at 18) (raising same rejected, unfounded assertions); (*see also id.* at 25) (contending that "[t]he AAA does not operate as a Federal Court thus should not be held immune."). In the Court's January 27, 2026, Order, it ruled that the doctrine of arbitral immunity is broad and barred Mogan's claims. (*See* Dkt. 26 at 4-5). Mogan raises no legal or factual basis showing a manifest error of law in response to this ruling.

4

The Court also found Mogan's contention that there was no hearing lacked merit. (*Id.* at 9-10) (explaining that "Mogan contractually agreed, and knowingly decided, to litigate before an arbitrator that told Mogan that she does not hold in-person hearings."). Mogan raises no issues that come within the same orbit as what is required to satisfy the exceptional standard on a motion for reconsideration. *Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022) ("Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances."); *Sease v. Darko*, 795 F. App'x 454, 458 (7th Cir. 2019) ("Relief under Rule 60 is limited to 'extraordinary situations' where the judgment is not merely the result of an error of law.").[2]

The remainder of Mogan's contentions rehash arguments he made in opposition to Defendant's motion to dismiss or are new arguments that he should have raised in opposition to the motion to dismiss but chose not to. The Court declines to retread old ground or consider these new arguments. (*See* Dkt. 27-1 at 10-36). *Cannon*, 92 F.4th at 700 ("'A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.'") (brackets omitted) (quoting *Cincinnati*, 722 F.3d at 956); *Ahmed*, 388 F.3d at 249 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto*, 224 F.3d at 606.[3]

Mogan's primary request is for the Court to convert Defendant's granted motion to dismiss into a motion for summary judgment.[4] Under Rule 12(d) "[i]f, on a motion under Rule 12(b)(6) or

---

[2] The same holds true whether viewed under Rule 54(b). *See Bedford*, 695 F. Supp. 3d at 1001.

[3] Mogan also repeatedly raises points that are contradicted by the record, such as that the arbitrator never issued an award and that Mogan never appealed. (*Compare* Dkt. 27-1 at 20) (Mogan claiming he never appealed); (*with* Dkt. 8-1, Exs. 3, 5-6) (Mogan's appeal); (*compare* Dkt. 27-1 at 18) (Mogan contending the arbitrator never issued an award); (*with* Dkt. Dkt. 1-1, ¶ 45) (the arbitrator's award). (*See* Dkt. 26 at 10).

[4] Mogan's request is rather befuddling. He ignores that the Court granted Defendant's motion to dismiss. Parties usually move to convert a motion to dismiss into a motion for summary judgment before the Court rules on the motion. It is therefore unclear what relief Mogan is actually seeking: whether vacatur of the Order, for the Court to re-decide the briefing under Rule 56, or for the Court to convert the dismissal without prejudice on the pleadings into one with prejudice on the merits. Mogan makes no attempt to explain any of this. The Court need not untangle these issues nor try to read Mogan's mind as the Court is denying Mogan's motion.

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In support of its motion to dismiss, Defendant attached seven exhibits. (Dkt. 9-1 *through* 9-7). Each is a public court document. (*Id.*) Mogan's contentions that the Court's consideration of these public court filings was improper lacks merit. (Dkt. 27 at 1-2; 27-1 at 10-12, 36). "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). It is "a general rule, [that courts] may take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). "Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts." *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016). It was therefore proper for the Court to consider "'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Mogan v. Portfolio Media Inc.*, 2024 WL 532229, at *4 (N.D. Ill. Feb. 9, 2024), *aff'd*, 143 F.4th 790 (7th Cir. 2025) (quoting *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018)). Indeed, the exhibits Defendant attached were germane to several issues—including Mogan's repeated and vexatious filings. *Id.* The Court rejects Mogan's motion for reconsideration to convert Defendant's motion to dismiss into a motion for summary judgment. *Id.*

Mogan also requests that the Court redact "non-routine commentary" from "the order." (Dkt. 27-1 at 36). Mogan failed to identify what he sought redacted and the basis for it. To the extent Mogan intended to file a motion to seal, the Court denies this motion. Mogan must follow court procedures for sealing. *See* Local Rule 5.8.

6

Lastly, Mogan requests an extension to file an amended complaint and stated that "he would rather wait until the Court rules upon the attached motion which will affect any amended complaint." (Dkt. 27 at 3). The Court grants this requested extension and grants Mogan three weeks from the date of this Order to file an amended complaint subject to the ongoing admonishment that if Mogan files an amended complaint, he must personally ensure that it is in **strict** compliance with Rule 11 and the Court's instructions in its January 27, 2026, Order. (Dkt. 26 at 14-16). The "Court warns Mogan . . . that he will face sanctions if he files another frivolous or vexatious pleading" and "any future filings of a similar nature may warrant the imposition of sanctions commensurate with the seriousness, duration, and persistence of that conduct." (*Id.* at 15-16).

## CONCLUSION

The Court denies Mogan's motion for reconsideration but grants Mogan leave to file an amended complaint within three weeks of the date of this Order subject to the Court's admonishment. (Dkt. 27).

_____
Virginia M. Kendall
United States District Judge

Date: April 20, 2026

7